UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01017-RGK-SP | Date | March 5, 2026 |
|---|---|---|---|
| Title | *FNU Aman v. Kristi Noem et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [4]

## I. INTRODUCTION

On March 4, 2026, FNU Aman ("Petitioner") filed a Petition for Writ of Habeas Corpus and the present *Ex Parte* Motion for a Temporary Restraining Order ("Motion") against Kristi Noem, Pamela Bondi, Todd Lyons, Director of the Los Angeles Immigration and Customs Enforcement ("ICE") Field Office, and the Warden of the Adelanto ICE Processing Center (collectively, "Respondents"). (ECF Nos. 1, 4.) Petitioner is a noncitizen who is currently being held in ICE in custody.

Petitioner seeks the Court's order that Petitioner be immediately release from custody or be provided with a bond hearing within seven days. For the following reasons, the Court **DENIES** the Application.

## II. JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

## III. DISCUSSION

Petitioner seeks the Court's order requiring that Petitioner be immediately released from custody or be provided with a bond hearing. However, Petitioner fails to meet the standard needed to justify *ex parte* relief.

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01017-RGK-SP | Date | March 5, 2026 |
|---|---|---|---|
| Title | *FNU Aman v. Kristi Noem et al* | | |

be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.

Petitioner fails to establish why his *Ex Parte* Application cannot be calendared in the usual manner. In the Petition, Petitioner stated he has been detained since February 3, 2025. However, in his Application, Petitioner failed to articulate why he now requires immediate action through the *ex parte* process. Petitioner alleges no facts that specify why the Court *must* grant him relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet his burden under the first element of the *Mission Power* test, and *ex parte* relief is not justified.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |